## Robinson v. Commonwealth.

(Decided June 21, 1912.)

Appeal from Marion Circuit Court.

1. Homicide—Exclusion of Evidence of Witness—Absence of Avowals.—In the absence of an avowal as to what the testimony of a witness would have been if admitted, it cannot be said that the action of the trial court in excluding the testimony was error.

2. New Trial—Absence of Showing That Testimony Could Not Have Been Discovered.—In the absence of a showing that the newly discovered evidence was unknown to appellant and his counsel, or that it could not have been discovered during the trial, such ground for a new trial will not be considered.

3. Instructions.—There is no merit in the complaint that the court refused to instruct the jury that the defendant had the right to go upon the premises of deceased for the purpose of transacting legitimate business. While such an instruction would present a common sense statement of a recognized fact, there is no place in a group of instructions for any such abstract statement of one's legal rights.

BEN SPALDING for appellant.

PROCTOR K. McELROY, H. S. McELROY, JAMES GARNETT, Attorney General, and C. S. HILL, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

The appellant, Ben Robinson, under an indictment in the Marion Circuit Court, was was found guilty by a jury of the murder of Manson Isaacs and his punishment fixed at confinement in the penitentiary for life. He appeals here. He had raised a crop of corn in the neighborhood of Mr. Isaacs' home farm. Some hogs, assumed to have been those of Mr. Isaacs, got into Robinson's corn field and destroyed some of the corn crop. On the morning of the homicide, putting a pistol in his pocket, Robinson went up to see Mr. Isaacs, but did not find him at home. He went back in the afternoon of the same day and as Mr. Isaacs was turning into his farm gate returning from town Robinson met him, when he and Robinson discussed the matter of the destruction of the corn. The evidence is sharply conflicting as to what transpired there. Robinson shot and killed Isaacs. The jury heard all the facts and it is certain that it cannot be said their conclusion is flagrantly or at all against the weight of the testimony, and we, therefore, do not find it necessary to review it.

It is urged for appellant that the trial court erroneously excluded the evidence of one George Glasscock, a witness offered in behalf of the defense. This witness it seems lived something over a mile from the place of the shooting. Robinson went to his house shortly after the shooting. Robinson's defense was that Isaacs was beating him with a stone at the time of the shooting. We gather from appellant's brief that the excluded testimony of George Glascock would have been, in substance, that when Robinson arrived at his house there were wounds and blood upon his head such as would have corroborated his story of Isaacs' beating him. The record, however, contains no avowal of what the witness, Glasscock, would have testified. He was merely asked what he saw and what occurred out at his house. The court then asked whether it was desired that the witness, Glasscock, tell what happened at his house. There was an affirmative response to the court's query; thereupon objection was sustained, without any avowal as to what the testimony would have been if admitted. In the absence of such an avowal we cannot say whether this was error.

It is next urged that the trial court erred in refusing to grant Robinson a new trial upon the ground of newly-

discovered evidence. This evidence was that of Thomas Stayton and W. T. Madden, affidavits of both of whom were filed in support of the motion for a new trial. Stayton, on the day after the killing, as an officer, took Robinson to the Louisville jail. Madden was the jailer of Marion county and as such had the custody of Robinson the night of the killing. They both stated in their affidavits, in substance, that Robinson then had bruises and scars on his forehead and face. The ground for a new trial is that the defendant did not learn that he could prove these facts by these witnesses until after the trial, and that he could not have discovered this testimony by ordinary diligence at any earlier time. While it is so stated in the grounds in support of the motion for a new trial, the defendant did not file his affidavit stating that the evidence was unknown to him and his counsel or that it could not have been discovered by him during the trial. In the absence of such a showing this ground for a new trial will not be considered. Ellis v. Commonwealth, 146 Ky., 727. If Robinson had these bruises upon his face while he was in the jailer's custody and while he was being transported to Louisville on the next day it is difficult to understand how he could say that he did not discover until after the trial that he could have proven the presence of the wounds by his jailer and guard.

It is complained also that the court erred in refusing to instruct the jury upon defendant's request, in substance, that he, the defendant, had the right to go upon the premises of Isaacs for the purpose of transacting any legitimate business. Such an instruction, of course, would present a commonsense statement of a recognized fact. There is no place in a group of instructions for any such theoretical or abstract statement of one's legal rights. There was before the jury the fact that Isaacs himself when spoken to by Robinson in the road, in substance, said to him to come on inside the gate or to wait until he, Isaacs, had driven inside the gate, whereupon they could talk the matter over.

There is also filed the affidavit of one Vance Funk in support of the motion for a new trial. This affidavit states in substance, that Hubert Isaacs, a son of decedent, on the night of the killing had stated to Funk that he, Hubert, from a near hillside had seen the difficulty, and that his father was choking the defendant when de-

fendant shot him. Hubert Isaacs was never put on the stand; and, therefore, had Funk been called to testify to the matter set out in his affidavit, it would not have been admissible.

. The defendant was not enabled to employ counsel of him own but was defended by an attorney assigned for that purpose by the court. The attorney did his duty and even went so far as to bring the case here upon appeal.

The defendant, it seems, is illiterate and poor; while the dead man was a man of substance in the community. Our sympathies are enlisted for the living in his misfortune; but a jury of his county found him guilty of the murder of his neighbor following the destruction of a little corn in his field. Crime must be punished and courts must not out of sympathy permit those guilty of the awful sin of taking human life to escape the punishment which the laws of the land provide.

The judgment of the trial court is affirmed.